**FILED**
**JANUARY 10, 2023**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Dependency of | ) | |
| | ) | No. 38614-7-III |
| JDH, | ) | Consolidated with |
| _____ | ) | |
| In the Matter of the Dependency of | ) | No. 38615-5-III |
| | ) | |
| LLR, | ) | |
| | ) | UNPUBLISHED OPINION |
| _____ | ) | |

STAAB, J. — Following a fact-finding hearing conducted via Zoom in which KH was represented by an attorney and a guardian ad litem (GAL), the trial court found JDH and LLR were dependent. KH appeals, arguing for the first time that she was deprived of her right to counsel because her attorney could not communicate effectively with the GAL during the hearing. To support her argument, she points to the lack of affirmative evidence in the record that the two were communicating. From this, she reasons that the absence of evidence equates with the absence of communication. We decline to review this newly-raised issue because the inadequate record prevents KH from demonstrating actual prejudice sufficient to meet her burden of demonstrating a manifest error of constitutional magnitude.

No. 38614-7-III (Consolidated with 38615-5-III)
*In re Dependency of J.D.H and L.L.R.*

## BACKGROUND

Because KH does not assign error to any of the trial court's findings of fact, they are considered verities on appeal.

KH was the legal custodian of JDH and the biological mother of LLR. Following an incident in KH's home during which she experienced delusions and was arrested for fourth degree assault, the State removed JDH and LLR from KH's care and filed dependency petitions for both of them.

The trial court subsequently appointed a GAL for KH pursuant to RCW 4.08.060, which requires trial courts to appoint a GAL when an incapacitated person is a defendant and certain other requirements are met. The trial court ordered that the GAL's duty was "to represent the best interest of [KH] and to stand in the role of [KH]." Clerk's Papers (CP) at 341.

KH contested both dependency cases, and the trial court held a fact-finding hearing. Due to the COVID-19 pandemic, the trial court held the hearing remotely via Zoom. In its order for a remote hearing, the trial court stated:

> If an attorney needs to speak privately with a client, inform the Court and the Court will create a breakout room to allow private communications. Note that the timing of when a breakout room can be used, and for how long, is at the discretion of the Court.

CP at 349.

At the outset of the hearing, KH's attorney moved to continue the trial, indicating that KH did not have access to a computer, could not join the hearing on Zoom, and was instead appearing in person. The attorney expressed concern that this would hinder her ability to communicate with KH in real-time during the hearing. The attorney noted that she had previously understood that KH had planned to appear via Zoom and accordingly planned to do the same. However, the attorney had learned just prior to the hearing that KH would not be able to appear via Zoom and stated that she believed that, to facilitate better communication between her, KH, and the GAL, she should appear in person if KH was in person and via Zoom if KH was via Zoom.

After a discussion between the parties and the trial court, the court decided to place KH in a private jury room and provide her with a laptop so that she could participate via Zoom and better communicate with her attorney and the GAL. The hearing then proceeded as planned.

During the second day of the hearing, KH's attorney made the following statement to the trial court regarding her ability to communicate with KH:

> [KH's attorney]: Your Honor, I just want to lay a brief record regarding communication just because these Zoom hearings are a little bit weird and tricky. So, I just wanted to make a record that [KH] has had access to me via text message during the trial. She and I were able to communicate that way during trial and she knows that she has that access to me today as well. And likely when the State rests I will be asking to, go into a breakout room with her—

No. 38614-7-III (Consolidated with 38615-5-III)
*In re Dependency of J.D.H and L.L.R.*

> THE COURT: Sure.
>
> [KH's attorney]: but I just wanted it noted on the record that she has been able to have access to me when she's needed during trial.

Report of Proceedings (RP) (Sept. 21, 2021) at 5-6.

Following the fact-finding hearing, the trial court found that JDH and LLR were dependent. KH appeals.

ANALYSIS

KH argues that the trial court failed to ensure that her GAL was able to contemporaneously and continuously communicate with her attorney during the hearing. She claims that she was deprived of her right to counsel because nothing in the record shows that there was an opportunity for the GAL to communicate with her attorney in real-time during the hearing. We disagree.

KH failed to raise any objection regarding this issue before the trial court. Typically, this court will not address issues raised for the first time on appeal, including the due process right to counsel at a dependency hearing. *In re Dependency of M.S.R.*, 174 Wn.2d 1, 11, 271 P.3d 234 (2012); RAP 2.5(a). However, this court may address issues where an appellant demonstrates a "manifest error affecting a constitutional right." RAP 2.5(a).

4

Although KH's argument concerns due process, which is a constitutional issue, she fails to argue or show that there was a manifest error. A manifest error requires a showing of actual prejudice. Actual prejudice requires a "'plausible showing by the [appellant] that the asserted error had practical and identifiable consequences in the trial of the case.'" *State v. Kirkman*, 159 Wn.2d 918, 935, 155 P.3d 125 (2007) (quoting *State v. WWJ Corp.*, 138 Wn.2d 595, 603, 980 P.2d 1257 (1999)). Actual prejudice asks "whether the error is so obvious on the record that the error warrants appellate review." *State v. O'Hara*, 167 Wn.2d 91, 99-100, 217 P.3d 756 (2009). In other words, for KH to show actual prejudice, the record must be sufficient to determine the merits of the purported error. *Id.* at 99.

KH argues that because nothing in the record shows that her attorney had an opportunity to communicate with her GAL in real-time during the hearing and a GAL "stands in the shoes of the client," the GAL's inability to communicate with her attorney deprived KH of her right to counsel. *In re Det. of Hatfield*, 191 Wn. App. 378, 399, 362 P.3d 997 (2015). Rather than supporting her position, the inadequate record undermines KH's argument. KH is unable to show actual prejudice sufficient to demonstrate a manifest error. Because she cannot demonstrate manifest error, we decline to consider the arguments she raises for the first time on appeal.

No. 38614-7-III (Consolidated with 38615-5-III)
*In re Dependency of J.D.H and L.L.R.*


Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, A.C.J.